# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
September 16, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ANTHONY COSBY,**
**Claimant Below, Petitioner**

**vs.)   No. 14-1224** (BOR Appeal No. 2049511)
                    (Claim No. 2014003420)

**ALPHA NATURAL RESOURCES, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Anthony Cosby, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alpha Natural Resources, Inc., by Robert J. Busse, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 27, 2014, in which the Board affirmed a May 15, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 10, 2013, corrected decision holding the claim compensable on a no-lost-time basis for a right shoulder sprain or strain. The claims administrator also rejected the diagnoses of rupture of the rotator cuff, osteoarthritis of the shoulder, and lumbar sprain as compensable conditions of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to beginning his employment for Alpha Natural Resources, Inc., Mr. Cosby received treatment in Boone Memorial Hospital for an injury he suffered to his right shoulder in July of 2011, when he fell through a porch. X-rays were taken at the time which showed moderate glenohumeral and acromioclavicular joint arthropathy but revealed no fracture or dislocation. An MRI was taken of Mr. Cosby's shoulder two months later which showed signs of

1

tendinopathy and a partial thickness tear of the rotator cuff. Following this injury, Mr. Cosby came under the care of Clark Adkins, M.D., who assessed him for osteoarthritis of the right shoulder and rupture of the rotator cuff. Dr. Adkins eventually referred Mr. Cosby to Mark D. Henrich, PT, for physical therapy of the rotator cuff. Mr. Henrich worked with Mr. Cosby for a couple of months. He found that Mr. Cosby tolerated the exercises well and was doing better. Around this time, Mr. Cosby also received treatment for his lumbar spine at St. Francis Hospital Emergency Room. Dina Criniti, D.O., found that Mr. Cosby suffered low and mid back pain. Several months later, at the end of 2012, Dr. Criniti assessed Mr. Cosby again and found that he had a rotator cuff tear that would possibly need surgery.

Several months later, on May 16, 2013, Mr. Cosby was working in the coal preparation plant for Alpha Natural Resources, Inc. He stepped off a platform onto a bucket lid that slipped out from under him. When he attempted to catch himself, he injured his right shoulder. Following this injury, Mr. Cosby was again treated by Dr. Adkins. Dr. Adkins found that Mr. Cosby originally injured his right shoulder two years earlier and had intermittent episodes of pain since that time. Dr. Adkins believed he had ruptured his rotator cuff, and he diagnosed Mr. Cosby with osteoarthritis of the shoulder. Because Mr. Cosby had persistent shoulder pain for several years, Dr. Adkins found that his shoulder probably would require surgical repair. Dr. Adkins referred Mr. Cosby to Peter Lukowski, M.D., for an orthopedic surgical consultation. Dr. Lukowski believed that the May 16, 2013, injury aggravated his pre-existing conditions. Mr. Cosby then filed an application for workers' compensation benefits listing rupture of the rotator cuff, sprain of the shoulder, and osteoarthritis of the shoulder as compensable conditions of the claim. Mr. Cosby was then treated by Ganim Howard, D.C., who believed Mr. Cosby also landed on his right hip during the compensable injury. He found that Mr. Cosby suffered strains to his lower back. On June 13, 2013, the claims administrator rejected Mr. Cosby's application for workers' compensation benefits.

Mr. Cosby then had an MRI taken of his right shoulder which revealed acromioclavicular degenerative joint disease, glenohumeral degenerative joint disease, and degenerative subchondral cysts with suspected adjacent tearing of the glenoid labrum along the inferior aspect of the glenoid labrum. Dr. Lukowski found that the MRI showed moderate degenerative joint disease of the acromioclavicular joint. Dr. Lukowski then performed an arthroscopic repair of Mr. Cosby's torn rotator cuff. On September 10, 2013, the claims administrator issued a corrected decision modifying its prior June 13, 2013, decision. The claims administrator held the claim compensable on a no-lost-time basis for a right shoulder strain. It also denied the addition of rupture of the rotator cuff, osteoarthritis of the shoulder, and lumbar sprain as compensable conditions of the claim. Rebecca Thaxton, M.D., then reviewed Mr. Cosby's records and suggested that the claims administrator not authorize treatment for his right shoulder rotator cuff tear because she believed that this condition was pre-existing. On May 15, 2014, the Office of Judges affirmed the claims administrator's September 10, 2013, decision. The Board of Review affirmed the Order of the Office of Judges on October 27, 2014, leading Mr. Cosby to appeal.

The Office of Judges concluded that Mr. Cosby suffered an injury on May 16, 2013, consisting of a right shoulder sprain. However, the Office of Judges concluded that the subsequent shoulder surgery was necessitated by Mr. Cosby's pre-existing osteoarthritis. It

further concluded that there was no evidence that the injury affected Mr. Cosby's spine. The Office of Judges noted that Mr. Cosby had an extensive history of shoulder problems which dated back to at least 2011 and that he had continuous problems with his right shoulder up to the date of the current injury. The Office of Judges also found that the compensable injury did not involve Mr. Cosby's low back because he did not mention his back pain to Dr. Adkins or Dr. Lukowski when he initially received treatment for the compensable injury. The Office of Judges found that Mr. Cosby only mentioned pain in his low back related to the injury when he was treated by Dr. Howard several days after the compensable injury. It also noted that Mr. Cosby had significant pre-existing low back symptoms.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Cosby has not demonstrated that he suffered any compensable conditions other than a right shoulder sprain related to the May 16, 2013, injury. Although Mr. Cosby received treatment following his compensable injury related to his rotator cuff and his lower back, the evidence in the record shows that the treatment he received, including the arthroscopic repair of his torn rotator cuff, was related to pre-existing conditions. The treatment notes which pre-dated the compensable injury show that Mr. Cosby's ruptured rotator cuff was related to a prior injury and was not causally related to the May 16, 2013, injury. Both Dr. Criniti and Mr. Cosby's physical therapist, Mr. Henrich, indicated that his right rotator cuff was torn prior to the date of the compensable injury in this claim. The Office of Judges was justified in not adding ruptured rotator cuff and osteoarthritis as compensable conditions of the claim based on Mr. Cosby's extensive pre-existing shoulder complaints. Mr. Cosby also had significant low back pain which pre-existed the compensable injury. Considering that he did not report experiencing back pain immediately after the May 16, 2013, injury, there is insufficient evidence in the record causally linking any of his low back symptoms to the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 16, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

Justice Brent D. Benjamin, disqualified

3